JOSEPH CONN *vs.* SOLOMON S. PENDER.

A judgment quashing a forthcoming bond at a term subsequent to that at which it was returned forfeited, is wholly void.

It is clearly erroneous to quash a forthcoming bond as to the principal, and leave it in force as to the surety.

When a forthcoming bond is forfeited, it becomes a joint judgment against all the obligors, and a separate execution against one, omitting the others, cannot be sustained.

ERROR from the circuit court of Attala county.

The opinion of the court contains a sufficient statement of the case.

*Thompson*, for plaintiff in error.

In this case the court quashed a forthcoming bond as to the principal alone, and not as to his surety. The surety afterwards. moved the court to quash the execution that issued against him on the forfeited forthcoming bond, which the court overruled.

It is contended that the quashing of the forthcoming bond as to the principal, *ipso facto*, released the surety. The bond, when forfeited, became a judgment—a judgment is an entire thing—and if erroneous in part, must be erroneous in whole—and if it be quashed or set aside as to part, it must be set aside altogether. An execution must follow the judgment on which it is founded. The judgment was rendered against the principal and surety, and an execution against the surety alone, is erroneous.

These proceedings against the surety are not merely voidable, but void—because he was absolutely released and discharged when the bond was quashed as to the principal.

*A. Hays*, for defendant in error.

The first position assumed by the plaintiff in error is, that the bond at the June term, 1840, together with *fi fa*, should have

been quashed, because said bond and *fi fa* exceeded the original judgment to the amount of about $22. This error, if it be error, is no ground for quashing the bond or original execution, but such imperfection, if such imperfection exists, could have been remedied by directing a credit by the court, or a release by the plaintiff for that amount. 1 Howard, p. 19, *Young* v. *Englehard & Silverberg.*

The second position is, that in the original record and judgment, is the name of Solomon S. Pender, whereas he is styled S. S. Pender in the *fi fa* and bond; this last is an immaterial variance, and the bond ought not to be quashed for that omission; ' it could be supplied by the record, or by reasonable intendment.

The third position is, that the bond, in setting out the sum, uses the word seventeen hundred and sixty-eight dollars, instead of seventeen hundred sixty-eight dollars; this error, even in an indictment, in an analogous case, would be held to be no variance. Chitty's Crim. Law, vol. 1, p. 172.

The fourth position is, that the statute says that the property must be delivered at twelve o'clock noon, and the bond says by twelve o'clock noon.

The fifth position is, that because the said forthcoming bond being quashed as to Felts, and Joseph Conn being the security in the said bond, that, of course, the said bond is a nullity as to said Conn, and, therefore, that said bond and pluries *fi fa*, founded on said bond against Conn, should now be quashed.

This is a *non sequitur*, first, because by agreement or otherwise, it may have been properly rendered against Conn, and not against his principal; secondly, because it is *Res Adjudicata*, and if he was agrieved by the judgment of the court, he ought to have sough this remedy by appeal; and, thirdly, he has twice since been heard, once at law and once at equity, on said judgment, and, therefore, at this late day, to wit, at the April term, 1841, cannot come forward and be heard, after having had three hearings, and the question being decided against him.

All the motions to quash said bond, as well that of April, 1840, and of 1841, were illegal, because a term of that court

passed between the return of the bond and execution, and the original motion.    4 Howard, 363, *Wanzer* v. *Barker.*

PER CURIAM.    It seems that Pender recovered judgment against Nathaniel H. Felts, and sued out his execution, which was levied, a forthcoming bond taken with Conn, as surety, and returned forfeited at the September term, 1838, of the circuit court of Attala county.    At the June term, 1840, a motion was made to quash the bond, which was sustained, and the bond quashed as to Felts, the principal.    Execution was subsequently sued out on the bond against Conn, the surety, whereupon he moved again to quash the bond, and the execution; which the court refused to do, and it is to reverse this last judgment that the case is brought up.

The judgment of the court in quashing the bond, at a term subsequent to that at which it was returned forfeited, was, in our opinion, wholly void.    It was clearly erroneous also in quashing it, as to the principal, and leaving it in force as to the surety; as it could not be valid as to the surety, and invalid as to the principal.    When the bond was forfeited, it became a joint judgment, and if it was defective or erroneous as to one, it was as to both.    A separate execution against one, omitting the other, cannot be sustained, because there is no judgment to authorize it.

The judgment must therefore be reversed, and the execution quashed.